IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 1696 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| ODELL GIVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In February 2014, Odell Givens pleaded guilty to charges of possession of cocaine with the intent to distribute and conspiracy to do the same in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Court sentenced him to 186 months in prison. Givens has now filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

**I. Background**

In June 2012, the government charged Odell Givens and eighteen codefendants with crimes arising out of the sale and possession of cocaine. Compl. ¶¶ 1–5, No. 12 CR 421-1, ECF No. 1; *see id.* ¶ 7. The charges were based on a lengthy investigation, which involved wiretaps on the phones used by Givens and the other defendants.[1] *See id.* ¶ 7.

---

[1] As relevant here, this investigation arose out of another, previous investigation, in which law enforcement intercepted phone calls between Givens and a member of the gang the Traveling Vice Lords. *United States v. Givens ("Givens II")*, No. 12 CR 421-1, 2016 WL 6892868, at *1 (N.D. Ill. Nov. 23, 2016). These intercepted calls formed the basis of the application to wiretap Givens's phone which, in turn, led to his arrest in this case.

Givens retained two counsel following his arrest. *See* Change of Plea Tr. ("COP. Tr.") at 7:1–3, No. 12 CR 421-1, ECF No. 289. And on February 14, 2014, he pleaded guilty to three counts of possessing cocaine with the intent to distribute and one count of conspiring to do the same, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See id.* at 14:21–24.[2]

Nine months later, however, he tried to reverse course. On November 30, 2015, he filed a *pro se* motion to withdraw his guilty plea. He claimed that his lawyers had rendered ineffective assistance of counsel by failing to move to suppress wiretap evidence. *See generally* Motion to Withdraw Plea ("Mot. Withdraw"), No. 12 CR 421-1, ECF No. 315; *see also United States v. Givens* ("*Givens I*"), No. 12 CR 421-1, 2016 WL 3766337, at *1 (N.D. Ill. July 8, 2016). According to Givens, the wiretap applications for his phone did not demonstrate probable cause and did not meet other statutory requirements. *See* Mot. Withdraw at 6, 22–25, 27–28. His attorneys' failure to request suppression of the wiretap evidence, he contended, made their representation of him constitutionally deficient.

---

[2] During the plea colloquy, Givens answered a series of questions for the record regarding the voluntariness of his plea. When asked whether he understood that, by pleading guilty, there would be no trial and he would have waived his "right to a trial," as well as those other rights associated with the trial, he answered, "Yes." *Id.* at 10:21–11:5. When asked whether he understood that by pleading guilty, he was waiving all issues on appeal except the validity of the plea, the sentence imposed, and the involuntariness or ineffective assistance of counsel which related directly to its waiver or its negotiation, he answered, "Yes." *Id.* at 11:6–12:11. When asked whether he had sufficient time to discuss the issues in his case with his attorneys, he answered, "Yes." *Id.* at 7:4–8:2. When asked whether he was satisfied with the representation his attorneys had provided, he replied that they had done "the best they could." *Id.* at 7:7–9.

The Court rejected both arguments, holding that a suppression motion based on the wiretap applications would not have been successful. *See Givens I*, 2016 WL 3766337, at *3–5. This meant, in turn, that Givens's lawyers had not been constitutionally ineffective, and Givens had "not identified a fair and just reason to permit the withdrawal of his guilty plea." *Id.* at *5 (citing *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007); *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005)).

In response, Givens filed a *pro se* motion for reconsideration, asking the Court to reverse its denial of his motion to withdraw. *See* Motion for Reconsideration ("Mot. Recons."), No. 12 CR 421-1, ECF No. 342; *see also Givens II*, 2016 WL 6892868, at *1. Givens pointed to what he claimed was "newly discovered evidence"—other intercepted phone conversations, which Givens claimed undermined the previous finding of probable cause. Mot. Recons. at 12–13, 25–26; *see id.* at 2, 25; *see also* Def.'s Resp. at 3–5, No. 12 CR 421-1, ECF No. 357. The Court rejected the motion for reconsideration, holding that the omitted conversations were not "newly discovered evidence" because they were previously within Givens's knowledge, *see Givens II*, 2016 WL 6892868, at *2 (citing *United States v. Ellison*, 557 F.2d 128, 133 (7th Cir. 1977)); *see also United States v. Westmoreland*, 712 F.3d 1066, 1075 (7th Cir. 2013), and that the omitted conversations were immaterial and would not have affected the determination of probable cause. *See id.* at *3–4.

With these motions resolved, the Court sentenced Givens to 186 months' imprisonment in December 2016. *See* Judgment at 2, No. 12 CR 421-1, ECF No. 382.

3

Givens appealed, *see United States v. Givens* ("*Givens III*"), 875 F.3d 387, 389–90 (7th Cir. 2017), and the Seventh Circuit affirmed in all relevant respects. *See id.* at 391.

Seeking to vacate his sentence, Givens filed this § 2255 petition on March 11, 2019. *See* Motion to Vacate ("Mot. Vacate"), No. 19 C 1696, ECF No. 1.

## II. Legal Standard

28 U.S.C. § 2255 provides that a criminal defendant is entitled to relief from his conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b).

Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). Furthermore, the Court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. 28 U.S.C. § 2255(b).

## III. Analysis

In his § 2255 petition, Givens raises eight grounds for relief. Ground One focuses on the assistance provided by his counsel before, during, and after trial. Grounds Two to Eight raise due process claims.

4

### A. Waiver of Claims

At the outset, the Court notes that perfunctory and undeveloped arguments and arguments that are unsupported by pertinent authority are waived, even where those arguments raise constitutional issues. *Argyropoulos v. City of Alton*, 539 F.3d 724, 739 (7th Cir. 2008) (citing *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006)). Here, Givens fails to develop any of his claims. He does not provide any specific facts or explanations of his conclusory arguments, nor does he offer any case law to support them other than general references to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Faretta v. California*, 422 U.S. 806 (1975). Accordingly, Givens's claims are waived and fail on these grounds alone.[3] That said, for the sake of completeness and in the interest of justice, the Court now considers each of his claims on the merits.

### B. Due Process Claims

In Grounds Two to Eight, Givens raises a variety of due process claims. But he did not raise these claims in the district court or on his direct appeal. Instead, he raises them for the first time on collateral review; this means they are procedurally defaulted. *See Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)). For procedurally defaulted claims to be considered on collateral review, a petitioner must show either

---

[3]  It bears noting that Givens makes many additional factual allegations in his reply that were not mentioned in any way in his original petition. While he contends that they are simply expansions on his original arguments, "it is not enough to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. . . . And arguments raised for the first time in [a] reply brief are waived because they leave no chance to respond." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). Accordingly, the facts and arguments missing from Givens's opening petition but included in his reply brief are deemed waived.

(1) actual innocence or (2) cause and prejudice. *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). As Givens makes no claim of actual innocence, this analysis is restricted to the cause-and-prejudice standard. *See McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016).

To show cause sufficient to excuse procedural default, a petitioner must point to "some objective factor external to the defense" which precluded the petitioner from bringing his claim. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Here, Givens fails to point to any particular cause for his procedural default. And the cause-and-prejudice test is conjunctive; failure to establish *either* cause or prejudice requires dismissal of the petition. *See Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982) (if a petitioner "lacked cause for their default, we do not consider whether they also suffered actual prejudice" and noting that "these criteria" are stated "in the conjunctive"); *see also Murray*, 477 U.S. at 494 (noting that "Engle expressly rejected [the] contention that a showing of actual prejudice should permit relief even in the absence of cause"). Because Givens has not demonstrated any cause for his defaults, the Court need not examine whether Givens was prejudiced, and his claims are denied on procedural default alone. But even if Givens's claims were not procedurally defaulted, as demonstrated below, they would still fail on the merits.

    1.    **Prosecutorial Misconduct**

Givens argues in Ground Two that prosecutors and federal agents committed misconduct when seeking a wiretap of his phone by fabricating evidence and making

false statements. To prove an evidence-fabrication claim, Givens must demonstrate that the prosecutor and federal agents (1) "created evidence that they knew to be false" and (2) "the evidence was used in some way to deprive [him] of liberty." *See Anderson v. City of Rockford*, 932 F.3d 494, 510 (7th Cir. 2019); *Petty v. City of Chi.*, 754 F.3d 416, 422 (7th Cir. 2014). He fails on both prongs.

First, Givens's claim does not offer any facts to support his allegations. His only assertion is that the prosecutor fabricated evidence "in order to obtain authorization to initiate the investigation." *See* Mot. at 5. But he fails to point to a single piece of evidence or statement that was false.[4]

Second, even if Givens had stated an actionable evidence-fabrication claim, his petition on these grounds still would fail, because he does not show that the alleged prosecutorial misconduct was material. *See Patrick v. City of Chi.*, 974 F.3d 824, 835 (7th Cir. 2020). And where "fabricated evidence was immaterial, it cannot be said to have caused an unconstitutional conviction and deprivation of liberty." *Id.*

### 2. *Brady* Claims

Givens also asserts that the prosecutor failed to disclose exculpatory evidence, thereby violating Givens's rights under *Brady*. To succeed on this claim, Givens has to show that: (1) the suppressed evidence is either exculpatory or impeaching and is favorable to him; (2) the government, either willfully or inadvertently, suppressed the evidence; and (3) the suppressed evidence resulted in prejudice. *See Petty*, 754 F.3d

---

[4] To the extent that Givens is referring to the "omitted" call records that formed the basis of his motion for reconsideration, the Court has already explained that those call records were immaterial. *Givens II*, 2016 WL 6892868, at *3–4.

at 423 (citing *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007)). As the government correctly notes, Givens has not pointed to any exculpatory evidence that his attorney should have uncovered and, thus, fails to meet his burden of proof.[5] *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005).

### 3. Fraud upon the Court

In Ground Three, Givens alleges that prosecutors and federal agents committed fraud on the court by misrepresenting facts and concealing evidence. "'[F]raud upon the court' . . . embrace[s] only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Drobny v. Comm'r*, 113 F.3d 670, 678 (7th Cir. 1997) (quoting *Kenner v. Comm'r*, 387 F.2d 689, 691 (7th Cir. 1968)). This includes "bribery of a judge or exertion of other undue influence on him . . . and fraudulent submissions by a lawyer for one of the parties in a judicial proceeding, such as tendering documents he knows to be forged or testimony he knows to be perjured." *In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011). In short, "[t]he cases where it has been found have involved the most egregious conduct" and "far more than an injury to a single litigant." *Matter of Whitney–Forbes, Inc.*, 770 F.2d 692, 698 (7th Cir. 1985).

---

[5] And again, if Givens is referring to the supposedly omitted call records, this Court has already held that those records are not exculpatory. *See Givens II*, 2016 WL 6892868, at *3–4 (rejecting Givens's proposed innocent explanation for the call records). Therefore, to the extent the *Brady* claim relies on those omitted calls, it lacks merit.

Givens points to no such egregious conduct in his case. He again claims that prosecutors made false statements but does not say which statements were false, when they were made, or how they prejudiced him. Accordingly, his claims on these grounds are denied.[6]

### 4. Involuntary Guilty Plea

Next, Givens once again contests the validity of his guilty plea. A valid guilty plea must be made voluntarily, intelligently, and knowingly. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989). And a plea is knowing and intelligent when the defendant is competent, aware of the charges, and advised by competent counsel. *Id.* In evaluating whether these standards were met in a particular guilty plea, the representations made at a plea colloquy under oath are given a presumption of verity. *See Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010); *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004).

In attempting to invalidate his guilty plea, Givens claims that he only pleaded guilty because his attorney told him that "there was no way to defeat the most powerful country in the world, that there would be no trial of any kind and that the Gov[ernmen]t could charge other family members." But this claim finds no support in the record. Indeed, Givens unequivocally stated in the plea colloquy that he was

---

[6] To the extent Givens's allegations of fraud on the court are grounded in his claims of false statements and concealment of exculpatory evidence, they too are denied. As demonstrated in the analysis for Ground Two, such allegations lack merit.

not threatened or pressured into a plea. *See* COP. Tr. at 14:13–24. Courts "may reject out of hand, absent a compelling explanation, factual allegations that depend on the defendant having committed perjury at a plea hearing." *United States v. Purnell*, 701 F.3d 1186, 1190–91 (7th Cir. 2012); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). The Court does so here, and Givens's motion on these grounds is denied.

### 5. Procedural Violations

From there, Givens argues that a number of his procedural rights were violated, asserting that he was not informed of the nature of the accusations against him, was denied compulsory process for obtaining witnesses, was denied a hearing in violation of the Fourth Amendment, was denied the right to adjudication of guilt, had exculpatory evidence suppressed, and was denied the right to present a defense. None of these claims have merit.

First, the record contradicts Givens's claim that he was not informed of the nature of the accusations against him. Givens was twice informed of the nature of his charges: at his arraignment, *see* 09/11/12 Min. Entry, No. 12 CR 421-1, ECF No. 196, and during his plea colloquy, s*ee* COP. Tr. at 7:4–8:2, 15:11–16:24. Second, Givens waived the right to a trial and the associated rights during his plea colloquy; therefore, he had no right to compulsory witnesses, "to have [his] guilt or innocence adjudicated on the basis of evidence introduced," or to present a complete defense. *See id*. at 10:21–11:5. And his Fourth Amendment claims do not point to any incriminating evidence that should have been suppressed or any exonerating

10

evidence that should have been produced.[7] Based on this record, these claims must fail.

### 6. Violation of Rule 11

Givens also purports to challenge the "prosecution[']s withholding of exculpatory evidence in violation of Rule 11." But this is just a rehashing of his *Brady* claim. And for the same reasons as his *Brady* claim, it is denied.

### 7. Conspiracy Against Rights

Givens again argues that federal agents fabricated evidence and lied under oath as part of a conspiracy to violate his rights. He claims that they admitted as much in their response to his motion to withdraw his guilty plea. *See* Gov't Opp'n Mot. Withdraw, No. 12 CR 421, ECF No. 320. But Givens alleges no facts that would support a claim of an underlying conspiracy. He does not say who was involved in the conspiracy, what they did to violate his rights, or even if these alleged violations are different than his other rejected claims. Indeed, the only evidence Givens points to is the government brief in which he claims the federal agents admit to conspiring to violate his rights. But the Court finds no such admission in the government's brief. Accordingly, Givens's motion on these grounds is denied.

---

[7] To the extent that these claims rely on the "omitted" wiretap evidence that Givens considers exonerating, that argument is rejected for the same reasons his *Brady* claim is rejected above.

### 8. *Faretta* Hearing

Givens's final due process claim, Ground Eight, is that he was never granted a *Faretta* hearing before he was allowed to proceed *pro se*.[8] But he never sought to proceed *pro se*—and indeed, he never did so. In fact, when informed by the Court that he "c[ould] seek to represent [him]self in []his case," Givens declined to do so by stating "I'm not a lawyer, your Honor. I can never do that." 9/22/15 Status Hr'g Tr. at 8:3–7, No. 12 CR 421-1, ECF No. 311. Accordingly, no *Faretta* hearing was warranted, and any claim based on a failure to hold a *Faretta* hearing lacks merit.

### C. Ineffective Assistance Claims

The claims that Givens labels as "Ground One" consist of several ineffective assistance of counsel claims. In order to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy a two-prong test. *Campbell v. Reardon*, 780 F.3d 752, 762 (7th Cir. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). He must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687–88. Failure to prove either element will defeat his claim. *Dunn v. Jess*, 981 F.3d 582, 591 (7th Cir. 2020).

---

[8] *Faretta* recognized a criminal defendant's Sixth Amendment right to proceed *pro se* when he voluntarily and intelligently elects to do so. *See* 422 U.S. at 819–20; *United States v. Avery*, 208 F.3d 597, 601 (7th Cir. 2000). In order to proceed *pro se*, a defendant must "clearly and unequivocally" raise the right to self-representation. *United States v. Mancillas*, 880 F.3d 297, 301 (7th Cir. 2018) (citing *Faretta*, 422 U.S. at 835). Because Givens never sought to proceed *pro se*, this standard is clearly met.

As to the first requirement, the performance prong of the *Strickland* test is a high bar. Courts are highly deferential to counsel and apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Delatorre*, 847 F.3d at 845; *United States v. Fudge*, 325 F.3d 910, 923 (7th Cir. 2003). Indeed, a counsel's representation "need not be perfect, [nor] even very good, to be constitutionally adequate." *Delatorre*, 847 F.3d at 845 (quoting *McAfee v. Thurmer*, 589 F.3d 353, 355–56 (7th Cir. 2009)). As part of this deferential review, courts are not to second-guess strategic decisions of counsel. *United States v. Ruzzano*, 247 F.3d 688, 696 (7th Cir. 2001) (citing *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000)), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016). And, to prove that his counsel was constitutionally inadequate, a § 2255 petitioner "must direct the Court to specific acts or omissions by his counsel" that show his counsel was not reasonably competent. *Blake*, 723 F.3d at 879.

As to the second, the prejudice prong requires a petitioner to "demonstrate a reasonable probability that, but for counsel's unprofessional errors," the outcome of his trial would have been different. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This means the petitioner must demonstrate that his counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable;" showing that the errors had some conceivable effect on the outcome is insufficient. *Id.*

1. **Trial Counsel**

Givens's claims against his trial attorney assert that he: (1) failed to investigate the case before advising Givens to plead guilty; (2) failed to object to

13

wiretap evidence; (3) failed to investigate witnesses and their statements; (4) failed to object to the suppression of exculpatory evidence; (5) failed to file pretrial motions; (6) failed to advise Givens during the plea colloquy; (7) failed to challenge the Guidelines calculations under which Givens was sentenced; (8) failed to challenge the forfeiture aspect of the plea; (9) failed to present a defense; and (10) failed to inform Givens of his appeal rights. The Court discusses the claims for which Givens provides at least some detail.[9]

### i. Failure to Investigate Before Advising Givens to Plead Guilty

Givens contends that his counsel failed to investigate adequately before advising him to plead guilty. A constitutionally adequate investigation need not cover "every possible factual scenario." *Long v. United States*, 847 F.3d 916, 922 (7th Cir. 2017). Rather, in order to meet *Strickland*'s prejudice prong, a petitioner claiming that his counsel failed to conduct an adequate investigation has the burden of providing the court "a comprehensive showing as to what the investigation would have produced." *Fuller*, 398 F.3d at 652; *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003). And where, as here, the defendant has accepted a plea deal, a "mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." *Fudge*, 325 F.3d at 924 (citing *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993)). Rather, a defendant is required to establish

---

[9] Givens's assertions that his counsel failed to investigate witnesses and statements made; failed to move for full disclosure; and failed to present defenses consist only of a single sentence. Without more, the Court cannot rule on these claims beyond finding that they have been waived, <u>Argyropoulos</u>, 539 F.3d at 739, and therefore they fail.

14

through objective evidence, beyond his own bare assertion, that a reasonable probability exists that he would have gone to trial. *Id.* (citing *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996)); *Arango-Alvarez v. United States*, 134 F.3d 888, 893 (7th Cir. 1998); *United States v. Arvanitis*, 902 F.2d 489, 495 (7th Cir. 1990).

Givens fails to meet the prejudice prong under this standard. He offers no specific line of evidence that his attorney should have investigated or what the attorney would have found if he had done so. Similarly, Givens fails to offer evidence showing that he would not have pleaded guilty, had his attorney investigated further. Absent evidence or factual allegations on either of those points, his claim is denied.

### ii. Failure to Object Wiretap Evidence

Givens also contends that his trial counsel fell below the standard of constitutional competence when he failed to challenge wiretap evidence used by the government in plea negotiations. Here, too, Givens has failed to satisfy *Strickland*'s prejudice prong. Indeed, in evaluating Givens's motion to withdraw his guilty plea, this Court held that the wiretap applications, though flawed, "legitimately establish[ed] probable cause;" therefore, any motion to suppress wiretap evidence would have failed. *Givens I*, 2016 WL 3766337, at *4. This Court further denied all other grounds on which Givens challenged the wiretap evidence. *Id.* at *4–5. Because Givens has failed to show that a motion to suppress the wiretap evidence would have been meritorious, he cannot establish prejudice as a result of his counsel's actions. This claim for relief is denied.

### iii. Failure to Raise the Suppression of Exculpatory Evidence

Givens next claims that his counsel failed to challenge the prosecutor's suppression of exculpatory evidence, resulting in *Brady* violations. But as addressed above, Givens does not make out a colorable *Brady* claim. Without pointing to a possibly meritorious *Brady* claim, Givens cannot show that his attorney's failure to make such a claim prejudiced him. Accordingly, his ineffective assistance claim on these grounds is denied.

### iv. Failure to Advise During the Plea Colloquy

Givens additionally contends that his counsel offered ineffective assistance by failing to advise him during the plea colloquy. But the transcript of the colloquy flatly contradicts this argument. During the plea colloquy, Givens stated under oath that he was represented by two attorneys, that he had had sufficient time to discuss the case with them, that they "did the best they could" in providing representation to him, and that he had no questions about the case that necessitated additional conversations with his counsel. COP. Tr. at 7:1–14. Because there is a presumption that a defendant's testimony in a plea colloquy is truthful, *see United States v. Moody*, 770 F.3d 577, 581–82 (7th Cir. 2014), and nothing here suffices to overcome that presumption, these affirmative responses directly rebut Givens's claim of ineffective assistance. *See United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001). Accordingly, this claim is denied.

### v. Failure to Challenge the Guidelines Calculations

Givens's suggestion that his counsel performed ineffectively by failing to challenge the Guidelines calculations for the offense also is directly contradicted by the record. Prior to sentencing, his attorney *did* object to the Presentence Investigation Report ("PSR"), arguing that the narcotics amount had been incorrectly calculated and that the criminal livelihood enhancement had been improperly applied. *See* Objs. to PSR at 4–6, No. 12 CR 421-1, ECF No. 360. Because there is no basis on the record for Givens's ineffective assistance claim on these grounds, it too fails. *See Hodges*, 259 F.3d at 660.

### vi. Failure to Challenge the Forfeiture Aspect of the Plea

Givens further claims that his counsel failed to challenge the forfeiture aspect of the plea. But § 2255 only addresses issues of custody, not claims based on criminal monetary penalties. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (holding that challenge to restitution component of sentence is not cognizable on collateral review because order to pay restitution does not constitute "custody"). Because § 2255 is not the proper vehicle for a forfeiture objection, the motion on these grounds is denied as well.

### vii. Failure to Inform Givens of Appeal Rights Regarding the Suppression Motion

Givens also claims that his attorneys failed to inform him of his appeal rights as to his motion to suppress. This claim, too, fails, because he had no appeal rights regarding the motion to suppress. Givens waived his right to appeal this issue, amongst others, through his plea declaration and colloquy. COP. Tr. at 11:6–16.

17

Where, as here, a waiver's "terms are express and unambiguous, and the record shows that the defendant knowingly and voluntarily entered into the agreement," the waiver must be enforced. *United States v. Aslan*, 644 F.3d 526, 534 (7th Cir. 2011). And so, this claim also fails.

### 2. Appellate Counsel

Turning his attention to his appellate counsel, Givens contends that, on appeal, his counsel failed to address the denial of the suppression motion, the prosecutor's misconduct and concealment of exculpatory evidence, and the constitutional issues regarding the investigation. Additionally, Givens again points to the fact that he never had a *Faretta* hearing as a sign that his counsel was ineffective. None of these claims are availing.

The framework for assessing the effectiveness of appellate counsel is the same two-prong *Strickland* test that governs claims of ineffective trial counsel. *Warren v. Baenen*, 712 F.3d 1090, 1105 (7th Cir. 2013) (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). Under the performance prong, an appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is both "obvious," *Blake*, 723 F.3d at 888 (citing *Suggs v. United States*, 513 F.3d 675, 678 (7th Cir. 2008)), and "clearly stronger" than the claims actually raised on appeal. *Id.*; *Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010). Appellate counsel need not raise every non-frivolous claim, but instead should select among claims to maximize the likelihood of success on appeal. *Smith*, 528 U.S. at 288. Moreover, to establish the prejudice prong, the petitioner must show that there is a reasonable probability that

18

the issue appellate counsel did not raise would have changed the outcome of his appeal, had it been raised. *Richardson v. Lemke*, 745 F.3d 258, 273 (7th Cir. 2014).

None of Givens's appellate claims amount to ineffective assistance of counsel. Specifically, Givens waived the right to appeal any issue except the validity of his plea and his sentence by means of his plea declaration and colloquy—in other words, each of the issues that Givens now claims his counsel should have appealed were waived by him. Certainly, the decision not to raise arguments on appeal which had been waived is a reasonable one. *Wright v. United States*, No. 04 C 6579, 2007 WL 79250, at *3 (N.D. Ill. Jan. 5, 2007) (the petitioner "waived his right to appeal and therefore is precluded from asserting an ineffective assistance claim based on counsel's alleged failure to file a notice of appeal"). And the waived arguments could hardly be called "clearly stronger" than the ones that were raised, which had not been waived. Furthermore, even if the omitted issues were "obvious" and "clearly stronger," Givens offers no evidence that their omission changed the outcome of his appeal. Accordingly, his claims on these grounds are denied.

## IV.   Conclusion

For the reasons stated above, Givens's § 2255 motion is denied. Furthermore, based on the discussion above, the Court finds that Givens has not made a substantial showing that reasonable jurists could debate whether his motion should have been resolved in a different manner. Accordingly, the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing § 2255 Proceedings. 28 U.S.C.

§ 2253(c)(2); *Narvaez v. United States*, 674 F.3d 621, 626 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)).  This case is hereby terminated.

**IT IS SO ORDERED.**                              **ENTERED:  9/2/22**

                                                      **John Z. Lee**
                                                      **United States District Judge**